UNITED STATES

v.

**Wayne A. WATTS, 022 58 1909, Aviation Ordnanceman Third Class (E–4), U.S. Navy.**

**NMCM 85 1678.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 Nov. 1984.

Decided 4 Oct. 1985.

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

MAJ J.S. UBERMAN, USMC, Appellate Government Counsel.

LCDR D. WILLIAM THOMAS, JAGC, USNR–R, Appellate Government Counsel.

LCDR ROBERT CLAUSS, JAGC, USNR–R, Appellate Government Counsel.

LT LYNN B. CLARK, JAGC, USNR–R, Appellate Government Counsel.

Before COUGHLIN, MITCHELL and DECARLO, JJ.

MITCHELL, Judge:

Appellant was convicted at general court-martial of conspiracy to commit larceny, and larceny. The appellant asserts the military judge erred in his failure to enter essential findings (Rules for Court-Martial, (R.C.M.) 905(d)) on two issues and his failure to enter proper essential findings on a motion to suppress the appellant's out-of-court statement to criminal investigators (R.C.M. 304(d)), citing *United States v. Postle*, 20 M.J. 632, 647 (N.M.C.M.R.1985). We affirm.

The appellant moved at trial for an order reopening the pretrial investigation to afford the appellant the opportunity to confront and cross-examine David Grummer, one of several witnesses in the case. The facts of record indicate that David Grummer's whereabouts were not known to the trial counsel and that David Grummer's father was not cooperating in efforts to locate him. In denying the defense motion the military judge made no essential findings, as he was required to do without regard to whether the factual issues were contested. *United States v. Postle, supra.* David Grummer was, however, present at trial and testified in response to trial and defense counsel questioning. In this re-

spect the appellant was denied no rights. Given the posture of the facts on the issue, the military judge's ruling implicitly determined that David Grummer's whereabouts were unknown to the government, that, being a civilian, he was beyond the reach of process, and that other evidence addressed at the pretrial investigation provided the requisite bases for referring the case to trial without regard to Grummer's written statement, which was considered by the pretrial investigating officer. Consequently, the military judge's failure to make essential findings on this issue was mooted by the appearance of David Grummer at trial and, in any event, not prejudicial to the appellant.

■ On the issue of the voluntariness of the appellant's admission to Naval Investigative Service, which was the subject of a suppression motion, the military judge entered six items of specific findings, albeit by a separate document which was attached to the record of trial. The precise issues involved whether the investigators gave a proper rights warning (Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831; *United States v. Tempia*, 16 U.S.C. M.A. 629, 37 C.M.R. 249 (1967)) and whether the appellant effectively waived the rights. The appellant's version of the critical events differs from the versions of the investigating agents. The findings of the military judge, while marginally adequate to meet the essential findings requirements of Mil.R.Evid. 304(d), are stated most superficially, do not thoroughly cover the facts at issue and are not well organized. In *United States v. Postle, supra,* this Court set forth the ingredients for the construction of effective essential and special findings while purposely avoiding the creation of an automatonic litany. *See United States v. Postle,* 20 M.J. at 640. The *Postle* ingredients include the specific facts found, the legal basis for the decision and any other statement which would clarify the decision to which the special or essential findings relate. *Postle* makes abundantly clear that special and essential findings, while they should be succinct, should be so stated and constructed that the pre-

cise factual issues are postulated and resolved in specific terms tailored to the facts bearing on the issues. Precision should also attend the relevant legal issues, their resolutions and the bases therefor. So constructed, the findings should be logical and complete on their own foundation without need to resort to the other parts of the record for their meaning. Seldom will the requirement be fully met without the military judge taking the necessary time to think the construct through and to draft the special/essential findings carefully so that the reader thereof knows precisely what facts were found and what precise legal rationale was applied to the facts. The appropriate level of precision of meaning in the case at bar is obtained only by resort to the evidence of record. Nonetheless, the essential findings in this issue are not so lacking in clarity as to warrant relief by this Court.

■ The appellant also moved at trial for the personal attendance of a Congressman and another civilian witness whose whereabouts were not known to the trial counsel and whose location was not revealed in the appellant's request for production of the witness. Furthermore, the facts reflect that the latter witness was a foreign national whose presence by the United States could not be compelled at trial. The military judge made no essential findings on this issue. In respect to the Congressman, the facts of record leave little doubt that the military judge's ruling was predicated upon cumulativeness not overridden by prestige because of the staleness of the Congressman's proffered general character evidence.

There is no error in the rulings of the military judge warranting relief by this Court. The circumstances of this case reveal that essential findings were either marginally adequate or were implicit in the evidence, argument and the rulings of the military judge. Thus in this case further proceedings are not necessary. Military judges would be well advised, however, to scrupulously and with common sense apply

*Postle* and not trust in implicit logic, for, ultimately, all judicial rulings have an implicit logic which either does or does not carry the requisite degree of notice and reviewability involved in the special/essential findings theory.[1]

The other matters raised by trial defense counsel in his letter of 20 November 1984 are without merit. The findings and sentence as approved on review below are affirmed.

Senior Judge COUGHLIN and Judge DECARLO concur.

---

**1.** Special/essential findings have come before this Court in a variety of forms: no findings at all; findings which barely state more than the relevant legal conclusions; findings which recite irrelevant and illogically related statements of mixed opinion, fact and law, buttressed by an ultimate conclusion of law; and rambling factual review, observation, commentary and legal statement punctuated by question to and discussion with counsel. The utility and advisability of the rules mandating special/essential findings may well be debated, but their requirement by the law cannot be denied.